UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RODNEY R. ROBERTS,                              :

                Petitioner,    :

                      ORDER

        - v -                                          :

                      21-CV-602 (DC)

NEW YORK STATE BOARD OF PAROLE,   :

                Respondent.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHIN, Circuit Judge:

        In papers dated January 12, 2021, and received by the Court on February 3, 2021, petitioner Rodney R. Roberts filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition").  Dkt. 1.  For the reasons that follow, the Petition is DISMISSED as set forth below.

        The Petition contests the lawfulness of Roberts's lifetime parole.  *See* Dkt. 1 at 7.  In 1978, Roberts was convicted in the Supreme Court of the State of New York, Kings County (Lentol, *J.*), of one count of second-degree murder in violation of N.Y. Penal Law § 125.25(3).  *See People v. Roberts*, 424 N.Y.S.2d 13, 14 (2d Dep't 1980).  On May 19, 1978, Roberts was sentenced to a term of fifteen years' to life imprisonment.  *See* Dkt. 6-1 at 2, 7.  Roberts was originally released from prison to a life term of parole on August 10, 1999.  Dkt. 6 at 5.  According to Respondent, since then Roberts has been

"reincarcerated and re-paroled a number of times," and was most recently re-paroled on March 2, 2021.  *Id.*

In the Petition, Roberts, who was sixteen years old at the time of his crime, claims that his lifetime parole is unlawful because subsequent New York legislation passed in 2017 increased the age of criminal responsibility from sixteen to eighteen.  *See* Dkt. 1 at 7, 28; N.Y. Criminal Procedure Law § 1.20(44).  Roberts claims that this "Raise the Age" law applies retroactively to his case, rendering his life term of parole unlawful because of his age at the time of his conviction.  *See* Dkt. 1 at 28.  Roberts first raised this argument in state court, in a *pro se* motion to set aside his sentence under New York Criminal Procedure Law § 440.20 before the Appellate Division, Second Department.  *See* Dkt. 6-4 at 2-15.  The Appellate Division denied Roberts's motion to set aside his sentence on October 3, 2017.  Dkt. 6-5 at 2-6.

Respondent filed its opposition to the Petition on May 17, 2021.  Dkt. 6.  Roberts has not filed a reply.  Judge Komitee's April 21, 2021 order directing Roberts to file a reply by June 7, 2021 was returned as undeliverable on two separate occasions.  *See* Dkt. 7, 8.  Since filing the Petition, Roberts has not communicated with the Court, whether to alert the Court of a change of address or otherwise.

The case was reassigned to me on March 19, 2024.  On March 22, 2024, I issued an order setting a deadline of May 21, 2024 for Roberts to either file reply papers or inform the Court that he does not wish to reply, in which case the Court would deem

the matter fully submitted.  Dkt. 9 at 2.  The order also advised Roberts that if he failed to respond by May 21, 2024, I would dismiss the Petition for failure to prosecute.  *Id.*

Respondent advised the Court that its last known address for Roberts is 599 Utica Avenue in Brooklyn, New York.  Accordingly, I directed the Clerk of Court to mail a copy of the March 22, 20204 order and Respondent's opposition papers to that address.  *Id.*  On April 9, 2024, the mail was again returned as undeliverable.  Dkt. 10.

On April 24, 2024, I ordered Respondent to clarify Roberts's parole status and provide information on the parole board's contact and communication with Roberts.  Dkt. 11.  On April 26, 2024, Respondent advised the Court that Roberts has "absconded from parole" and that a warrant has been issued for his arrest.  Dkt. 12.  Respondent also confirmed that, prior to his absconding, Roberts last communicated with his parole officer on July 28, 2021.  *Id.*

Because Roberts has not communicated with the Court in over three years and it appears that there is no feasible way to contact him, his Petition must be dismissed under Federal Rule of Civil Procedure 41(b).  That rule provides that an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  *Id.*  The Second Circuit has held that "[a]lthough the text of [the rule] expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst,*

*Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  In deciding whether dismissal is warranted, the Circuit has directed courts to consider a range of circumstances -- including whether the plaintiff was on notice of the prospect of dismissal and whether a less drastic sanction has been considered.  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

Here, Roberts has not communicated with the Court other than to file the Petition, Respondent reported that Roberts's parole officer does not have a more recent address for him, and the Court expressly warned Roberts that failure to provide a current address or otherwise respond to the Court's orders might result in the Petition's dismissal.  *See* Dkt. 9.  Roberts has also apparently absconded from parole and has not communicated with his parole officer in almost three years.  *See* Dkt. 12.

Thus, like other habeas petitioners whose "failure to provide the court with a new mailing address after his release from custody has regularly been held to be an adequate ground for a Rule 41(b) dismissal," *Ikpemgbe v. New York*, No. 18-cv-1027 (AT), 2021 WL 4198409, at *2 (S.D.N.Y. Sept. 15, 2021), Roberts has been on notice of the consequences of his neglect.  *See also Sumpter v. Sears*, No. 09-cv-689 (KAM), 2012 WL 95214, at *3 (E.D.N.Y. Jan. 12, 2012) (dismissing, *sua sponte*, petition for a writ of habeas corpus for petitioner's failure to timely respond to court orders and failure to prosecute).

4

Moreover, I am unable to give Roberts any further warning that his Petition may be dismissed. *See Lukensow v. Harley Cars,* 124 F.R.D. 64, 66 (S.D.N.Y. 1989). And "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Davison v. Grillo*, No. 05-cv-4960 (NG), 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006).

In the absence of viable alternatives, therefore, the Petition is DISMISSED, with prejudice, except that, if Roberts applies for reinstatement of the Petition by writing to the Court within ninety days of this Order and provides his current address, the case will be reinstated.

The Clerk of Court is respectfully directed to mail a copy of this Order to Roberts at his last address of record, that is, 599 Utica Avenue, Brooklyn, New York 11230. The Clerk of Court is further directed to close the case.

SO ORDERED.

Dated: New York, New York
April 29, 2024

_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation